Tammy Hussin (SBN: 155290)
HUSSIN LAW
1302 N. Coast Highway 101, Suite 201
Encinitas, CA 92024
Tel: (877) 677-5397
Fax: (877) 667-1547
Tammy@HussinLaw.com

Attorney for Plaintiffs, Jose Raposo and Beverly Raposo

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| Jose Raposo, Beverly Raposo,<br><br>     Plaintiffs,<br><br>v.<br><br>JP Morgan Chase, N.A.; and does 1-10, inclusive,<br><br>     Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227,** *et seq.*<br><br>**JURY TRIAL DEMANDED** |

  For this Complaint, the Plaintiffs, by and through their undersigned counsel, based on information garnered from Plaintiffs and investigations by their counsel, hereby state as follows:

  1. This action arises out of repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. §227, *et. seq.* ("TCPA"), and this court has original jurisdiction of this civil action as one arising under the laws of the United States. 28 U.S.C. §1331; *see*, *Mims v. Arrow Fin. Serv.*, LLC, 565 U.S. 132 S. Ct. 740, 181 L. Ed.2d 881 (2012).

1

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Plaintiffs satisfy Article III standing requirements, as all have suffered concrete injury in the form of invasions of privacy from defendant's repeated violations of the TCPA. *Van Patten v. Vertical Fitness Group*, D.C. No.3:12-cv-01614 (9th Cir.,2017).

4. Venue is proper in this District pursuant to 28 U.S.C. §1391(b), in that Defendant transacts business here and a substantial portion of the acts giving rise to this action occurred here.

## **THE PARTIES**

5. Jose and Beverly Raposo (hereafter, "Raposos"), are adult individuals residing in Artesia, California, and they are each a "person," as defined by 47 U.S.C. §153(39).

6. Defendant, JPMorgan Chase, N.A. (hereafter, "JPMC"), is a national association with its principal office located at 1111 Polaris Pkwy, Columbus, OH 43240. JPMC operates regularly collecting consumer debts in this Judicial District and throughout the state of California.

7. Does 1-10 (the "Collectors") are individual collectors employed by JPMC and whose identities are currently unknown to the Plaintiffs. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

8. JPMC at all times acted by through one or more of the collectors.

## **THE FACTS**

9. JPMC is no stranger to the TCPA. It has been called to defend itself against a veritable plethora of TCPA claims, including a number of class actions. Recently, JPMC agreed to settle its latest TCPA class action, *Barrow, et al. v. JPMorgan Chase Bank, N.A.*, Case No. 1:16-cv-03577-AT (N.D. Ga.).

10. Plaintiffs were identified as members of the *Barrow* class. Like the other members, Plaintiffs received automated calls from JPMC during the class

period of April 20, 2012 through March 16, 2018, as defined in the JPMC TCPA class action settlement.

11. Plaintiffs timely opted out of the Barrow class settlement in order to pursue their individual claims herein.

12. Plaintiffs did not welcome the calls from JPMC, and in 2016 and 2017 Plaintiffs requested a number of times that calls to them stop.

13. Despite being told to stop calling, JPMC typically called Plaintiffs on a daily basis and multiple times a day. The calls began early in the mornings and persisted well into the evening hours. The calls interfered with Plaintiffs' ability to work and disrupted important business.

14. JPMC's calls to Plaintiffs were particularly bothersome because they were automated. When Plaintiffs answered the calls, JPMC sometimes used an automated voice, and provided Plaintiffs with no opportunity to speak to a live representative. Other times Plaintiffs answered calls from JPMC, and heard only silence and JPMC's telephone system never transferred them to a live representative. Other times still, Plaintiffs answered and JPMC's telephone system terminated the call. When Plaintiffs did not answer, JPMC sometimes clogged Plaintiffs' voicemail with blank and/or automated messages.

15. Plaintiffs were often times met with rude and abusive representatives when they asked that the calls stop. JPMC representatives sometimes openly and outwardly refused to honor Plaintiffs' do-not-call requests.

16. The calls from JPMC intruded on Plaintiffs' right to be free from unwarranted invasions. By ignoring Plaintiffs' demands to stop calling, JPMC caused Plaintiffs, and each of them, frustration, aggravation, and distress. The calls from JPMC interfered with Plaintiffs' ability to use their cellular telephones in the manner in which they were intended, interrupted important calls, wasted their time, interfered with work days, disrupted them while driving, and disturbed quiet evenings and family time.

# COUNT I
# VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. §227, *ET. SEQ.*

17. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

18. JPMC knowingly and/or willfully called Plaintiffs without their consent and over their objections.

19. Without prior consent, JPMC placed calls to Plaintiffs using an automated telephone dialing system and/or an automated or prerecorded voice on their cellular telephones in violation of 47 U.S.C. §227(b)(1)(A)(iii).

20. Insofar as JPMC knew it had no consent to call Plaintiffs on their cellular telephones, the calls were made in knowing and/or willful violation of the TCPA. As such, JPMC should be subject to treble damages for each call pursuant to 47 U.S.C. §227(b)(3)(C).

21. When JPMC called Plaintiffs, its telephone dialing system had the capacity to store randomly or sequentially generated telephone numbers, and randomly or sequentially dialed telephone numbers.

22. JPMC's telephone system used an automated voice when it placed calls to Plaintiffs.

23. JPMC's telephone systems initiated calls to Plaintiffs without human intervention.

24. The calls from JPMC to Plaintiffs were not placed for "emergency purposes" as defined by 47 U.S.C. §227(b)(1)(A)(i).

25. Plaintiffs are entitled to damages as a result of JPMC's TCPA violations.

///

///

///

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs pray that judgment be entered against the Defendants:

1. As a result of each call made in negligent violation of the TCPA, Plaintiffs, and each of them, are entitled to an award of $500.00 in statutory damages per call, pursuant to 47 U.S.C. §227(b)(3)(B);

2. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiffs, and each of them, are entitled to an award of treble damages in an amount up to $1,500.00 per call, pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. §227(b)(3)(C);

3. Such other and further relief as may be just and proper.

DATED:  August 16, 2018            HUSSIN LAW

By: /s/   Tammy Hussin
Tammy Hussin, Esq.
Attorney for Jose and Beverly Raposo